# In the United States Court of Federal Claims

No. 13-465 C

(Filed: February 26, 2014)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| FAIRHOLME FUNDS, INC. et al., | * | |
| | * | |
| Plaintiffs, | * | RCFC 12(b)(1); RCFC 12(b)(6); |
| | * | RCFC 56(d) |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Charles J. Cooper, Washington, DC, for plaintiffs.

Kenneth M. Dintzer, United States Department of Justice, Washington, DC, for defendant.

## ORDER

**SWEENEY,** Judge

On December 9, 2013, defendant filed a motion to dismiss plaintiffs' complaint pursuant to RCFC 12(b)(1) and 12(b)(6) ("motion to dismiss"). In response, plaintiffs, on December 20, 2013, filed a motion for continuance to permit discovery pursuant to RCFC 56(d) ("motion for discovery"). In their motion, plaintiffs argue that defendant's dismissal motion challenges many of the allegations of their complaint and, in light of this, they are entitled to discovery. For the reasons set forth below, the court grants plaintiffs' motion for discovery.

Plaintiffs articulate three reasons for granting their motion for discovery. First, plaintiffs allege that discovery is needed to refute defendant's argument that plaintiffs' claims are not ripe. Second, plaintiffs allege that discovery is needed to develop facts to refute defendant's argument that this court lacks jurisdiction over the complaint. Third, plaintiffs allege that discovery is needed to respond to defendant's factual assertions relevant to defendant's argument that plaintiffs failed to state a claim for a regulatory taking. In opposition, defendant argues that plaintiffs have not articulated a valid basis for the court to permit discovery at this early stage of the litigation; thus, the motion for discovery must be denied. Thereafter, plaintiffs filed their reply.

## Background

Plaintiffs are holders of non-cumulative preferred stock issued by the Federal National Mortgage Association ("Fannie") and the Federal Home Loan Mortgage Corporation ("Freddie"). Compl. ¶ 1. In 2008, Fannie and Freddie owned and guaranteed trillions of dollars

of assets, primarily mortgages and mortgage-backed securities.  Id. ¶ 2.  During the financial crisis of 2008, both Fannie and Freddie faced a steep reduction in the book value of their assets and lost the public's confidence.  Id. ¶ 4.  In response, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA").  Id.  Shortly thereafter, the Federal Housing Finance Administration ("FHFA") placed Fannie and Freddie into conservatorship pursuant to the HERA.  Id. ¶ 6.  The United States Department of the Treasury ("Treasury") exercised its authority under the HERA to provide Fannie and Freddie with capital by entering into agreements with the FHFA.  Id.


## Discovery to Aid in Establishing Jurisdiction

The Tucker Act confers jurisdiction upon the United States Court of Federal Claims to render judgment on any claim against the United States founded upon a contract.  28 U.S.C. § 1491(a)(1) (2012).  Under section 2501, a claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money."  Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)).  The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it.  See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (providing that jurisdiction must be established by a preponderance of the evidence).

Additionally, when deciding a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court usually assumes all factual allegations in the complaint are true and draws all reasonable inferences in the plaintiffs' favor.  E. Trans-Waste of Md., Inc. v. United States, 27 Fed. Cl. 146, 147-48 (1992).  However, a plaintiff cannot rely solely upon allegations in the complaint if the defendant or the court questions jurisdiction.  Instead, the plaintiff must bring forth relevant, adequate proof to establish jurisdiction.  See McNutt, 298 U.S. at 189.  The court may examine relevant evidence in order to decide any factual disputes when ruling upon a motion to dismiss for lack of subject matter jurisdiction.  See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); accord Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (noting that the court "may find it necessary to inquire into jurisdictional facts that are disputed"); Reed Island-MLC, Inc. v. United States, 67 Fed. Cl. 27, 32 (2005) (recognizing that the court may address matters outside the pleadings when ruling upon an RCFC 12(b)(1) motion).  Moreover, it is "well established that when a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute."  Samish Indian Nation v. United States, No. 02-1383L, 2006 WL 5629542, at *4 (Fed. Cl. July 21, 2006).  Thus, motions for discovery to meet a challenge to the court's jurisdiction should be granted to effectuate justice.  Indeed, in the summary judgment context, motions filed under RCFC 56(d) "are generally favored and are liberally granted."  Clear Creek Cmty. Servs. Dist. v. United States, 100 Fed. Cl. 78, 83 (2011) (quoting Chevron USA, Inc. v. United States, 72 Fed. Cl. 817, 819 (2006)); see also Flowers v. United States, 75 Fed. Cl. 615, 626 (2007) (same) (quoting Stearns Airport Equip. Co. v. FMC Corp., 170 F3d. 518, 534 (5th Cir. 1999).  Although the procedural posture of this case concerns a motion to

dismiss, not for summary judgment, the court finds that the distinction is of no consequence. Thus, even though there is no specific provision for a plaintiff to seek discovery under RCFC 12(b) to carry their jurisdictional burden, the court may grant a request for discovery.

Here, defendant argues that plaintiffs' claims are not ripe for review because: 1) future profitability is unknown, and 2) both Fannie and Freddie are still in conservatorship. Mot. to Dismiss 39-41. These factual claims made by defendant contradict the allegations in plaintiffs' complaint. See Compl. ¶¶ 12, 57, 60, 64, 75. Plaintiffs contend that discovery would reveal information relevant to resolving the factual dispute between plaintiffs and defendant regarding each party's assessment of future profitability. The court agrees. Discovery will enable plaintiffs to confirm that such evidence exists with regard to profitability and additionally answer the question as to when, and how, the conservatorship will end. This information is solely in the possession of defendant and, therefore, discovery is appropriate in order to permit plaintiffs to respond to the jurisdictional questions raised by defendant.

Defendant further argues in its motion to dismiss that the FHFA is not the "United States" for purposes of the Tucker Act. Mot. to Dismiss 13. Plaintiffs counter that whether the FHFA is "the United States" or a private party outside of the Tucker Act is a "highly context-specific inquiry that considers in part the purposes of FHFA's actions." Pls.' Reply 12 (citing Slattery v. United States, 583 F.3d 800, 827 (Fed. Cir. 2009) reinstated after reh'g en banc, 635 F.3d 1298 (2011); Auction Co. of Am. v. FDIC, 132 F.3d 746, 750 n.1 (D.C. Cir. 1997); see also Lebron v. Nat'l R.R. Passenger Corp., 513 U.S. 374, 392 (1995) (the same entity may be treated as the United States for certain purposed but not for others)). The question to be answered is a fact-intense inquiry that will include consideration of whether the FHFA acted at the direct behest of the Treasury. If, as plaintiffs allege, the FHFA was an agent and arm of the Treasury, then this court possesses jurisdiction over plaintiffs' complaint. The evidence needed by plaintiffs to respond to defendant's jurisdictional allegations is within the hands of defendant, and otherwise not publicly available. Thus, plaintiffs are entitled to discovery on this issue.

Therefore, in light of the parties' dispute over jurisdictional facts and plaintiffs' apparent lack of sufficient evidence to respond to defendant's motion to dismiss, plaintiffs are entitled to conduct discovery in order to meet their burden of presenting the proof necessary to establish this court's jurisdiction.

### Discovery to Aid in Defense of Defendant's RCFC 12(b)(6) Motion

Defendant emphasizes what it believes is plaintiffs' failure to state a claim for a regulatory taking under Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 124 (1978), by making factual assertions that are either beyond or contradict the allegations in plaintiffs' complaint relevant to this court's jurisdictional analysis. According to defendant, plaintiffs have failed to set forth a Fifth Amendment takings claim because the FHFA is not the United States and plaintiffs lacked a reasonable investment-backed expectation. With respect to the second argument, defendant contends that plaintiffs concede that Fannie and Freddie were insolvent; therefore the companies had no reasonable expectation of future profitability—a fact that plaintiffs deny and that plaintiffs argue can and will be proven with discovery.

Again, plaintiffs have specified the discovery it seeks, explained how the results of the discovery are reasonably expected to demonstrate the proof necessary to establish this court's

jurisdiction and the viability of their claims.  Specifically, plaintiffs have shown that document and deposition discovery will disclose evidence relevant to the disputed factual issues about Fannie and Freddie's solvency and the reasonableness of expectations about their future profitability, as well as provide answers related to why the government allowed the preexisting capital structure and stockholders to remain in place, and whether this decision was based on the partial expectation that Fannie and Freddie would be profitable again in the future.  This evidence is in the possession of defendant only.  Thus, plaintiffs are entitled to discovery in order to respond to defendant's motion to dismiss with regard to defendant's argument that plaintiffs have failed to state a claim for a regulatory taking.

## Conclusion

Plaintiffs are entitled to conduct fact discovery for the purposes of addressing whether this court possesses jurisdiction and responding to defendant's motion to dismiss for failure to state a claim.  Briefing on defendant's dispositive motion is **STAYED** pending the conclusion of fact discovery.  The parties shall file, by no later than **Friday, March 20, 2014**, a joint status report proposing a discovery schedule.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

-4-